Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff

HUNTER KERHART

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER KERHART, | Civil Action No. 2:26-cv-2570 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| DK ENGINEER, CORP, | |
| Defendant. | |

Plaintiff Hunter Kerhart ("Plaintiff") sues defendant DK Engineer, Corp

("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is an individual who is a citizen of the State of California.

2.      Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 6420 Wilshire Blvd, Suite #1000, Los Angeles, CA 90048. Defendant's agent for service of process is Dan Krief, 6420 Wilshire Blvd, Suite #1000, Los Angeles, CA 90048.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.       This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

## FACTS

## I.    Plaintiff's Business

6.    Plaintiff is an architectural photographer specializing in high-end imagery of high-rises, interiors, and landscape architecture (see https://hunterkerhart.com/).

7.    Plaintiff's career began in the film industry when he stumbled upon an archive of historic Los Angeles images and become obsessed with rediscovering – then later recreating – these iconic shots.

8.    Plaintiff is certified by the Association of Independent Architectural Photographers (AIAP) and the Professional Aerial Photographers Association (PAPA).

## II.    The Work at Issue in this Lawsuit

9.    Plaintiff took a professional photograph of the ZAG apartments by Aragon in Glendale, Los Angeles titled "ZAG-01" (the "Work"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

10.    The Work was registered by Plaintiff with the Register of Copyrights and was assigned a registration number thereby. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

11.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**II.    Defendant's Unlawful Activities**

12.    Defendant is a civil engineering consulting firm offering design and administrative services to construction projects throughout the Southern California area.

13.    Defendant advertises/markets its business through its website (https://www.dkengineercorp.com/) and other forms of advertising.

14.    On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

15.    A true and correct copy of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

16.    Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended

4

for public use.

17.   Defendant utilized the Work for commercial use.

18.   Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19.   Through his ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on October 26, 2024.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

20.   All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

21.   Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22.   Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23.   Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

bring this lawsuit and assert the claim(s) herein.

24.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as he has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

25.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, social media, and/or printed media.

26.    Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

27.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.   Defendant's infringement was either direct, vicarious, and/or contributory.

28.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

29.    Plaintiff has been damaged as a direct and proximate result of

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Defendant's infringement.

30.    Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

31.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

32.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

33.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

Dated: March 11, 2026.                    **COPYCAT LEGAL PLLC**

                                          By: /s/ Lauren M. Hausman
                                              Lauren M. Hausman, Esq.
                                              Attorney for Plaintiff
                                              Hunter Kerhart

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228